IN THE DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

Case No.: 4:14-cv-478-MW-CAS

**JIMMY SCOTT JR.,**
DC# L30083

    Plaintiff,

**v.**

**CAMPBELL,** *et al.,*

    Defendants.
_____/

## ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES

Defendant **HOWELL** ("Defendant"), through counsel, hereby answers Plaintiff's Amended Complaint (DE# 12) as follows:

### PLAINTIFF

Defendant admits that Plaintiff is currently housed at Florida State Prison.

### DEFENDANTS

Defendant admits that the three defendants in this case are G.H. Campbell, Officer Howell, and Captain McCammon.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendant denies that Plaintiff has exhausted his administrative remedies.

### PREVIOUS LAWSUITS

Defendant is without knowledge as to Plaintiff's previous lawsuits and therefore denies them.

## STATEMENT OF FACTS

1. Admit that on January 7, 2014 at Taylor Correctional Institution, Plaintiff was housed with an inmate by the name of Steven Dewitt, DC# N19047 at Taylor Correctional Institution. The remaining factual allegations are denied.

2. Denied.

3. Denied.

4. Without knowledge and therefore denied.

5. Without knowledge and therefore denied.

6. Denied.

## STATEMENT OF CLAIMS

1. Denied.
2. Denied.
3. Denied.
4. Denied.
5. Denied.
6. Denied.
7. Denied.
8. Denied.

## RELIEF REQUESTED

Defendant denies that Plaintiff is entitled to any of the relief he requests in ¶ 1-6.

**DEFENSES AND AFFIRMATIVE DEFENSES**

**FIRST DEFENSE/AFFIRMATIVE DEFENSE**

Defendant acted reasonably within the discretion of his position and the course and scope of employment and did not violate any clearly established statutory or constitutional right of the Plaintiff with which a reasonable person would have known, and therefore are entitled to qualified immunity from suit.

**SECOND DEFENSE/AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

**THIRD DEFENSE/AFFIRMATIVE DEFENSE**

Defendant did not act in any way that would violate any clearly established rights guaranteed to the Plaintiff under the Constitution.

**FOURTH DEFENSE/AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a cause of action because there is no causal connection between plaintiff's claimed injuries and action or inaction by the defendant as required for liability under 42 U.S.C. §1983.

**FIFTH DEFENSE/AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a cause of action because plaintiff cannot establish the deliberate indifference required at a minimum for liability under 42 U.S.C. §1983.

**SIXTH DEFENSE/AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a cause of action because negligence is not actionable under 42 U.S.C. §1983.

### SEVENTH DEFENSE/AFFIRMATIVE DEFENSE

Defendant asserts that any and all injuries or damages suffered by Plaintiff were caused in whole or in part by Plaintiff's negligence or wrongful acts and/or misconduct.

### EIGHTH DEFENSE/AFFIRMATIVE DEFENSE

Plaintiff cannot establish as a subjective matter, that the Defendant acted with a sufficiently culpable state of mind as required for liability under 42 U.S.C. § 1983.

### NINTH DEFENSE/AFFIRMATIVE DEFENSE

Plaintiff's claim for damages is barred pursuant to the Prison Litigation Reform Act (PLRA) based on lack of a physical injury as a result of the alleged actions by Defendant.

### TENTH DEFENSE/AFFIRMATIVE DEFENSE

The actions taken by Defendant with regard to the incident were reasonable upon objective evaluation and not so grossly disproportionate to the need to take those actions so as to warrant recovery under 42 U.S.C. § 1983.

### ELEVENTH DEFENSE/AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for punitive damages because he has not alleged the type of conduct that would meet the standards set forth by Smith v. Wade, 461 U.S. 30, 56, 103 S.Ct. 1625, 1640, 75 Led.2d 632 (1983).

### TWELFTH DEFENSE/AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his damages.

### THIRTEENTH DEFENSE/AFFIRMATIVE DEFENSE

This action is barred by the Prison Litigation Reform Act (PLRA) because Plaintiff failed to exhaust his administrative remedies prior to initiating this lawsuit by failing to utilize the

Florida Department of Corrections three-step grievance process resulting in a denial of his grievance appeal by central office.

## RESERVATION OF RIGHTS TO AMEND AND SUPPLEMENT

Defendant reserves the right to amend and supplement these affirmative defenses adding such additional affirmative defenses as may appear to be appropriate upon further discovery being conducted in this case.

**WHEREFORE**, having fully answered the Amended Complaint (DE# 12), the Defendant denies that the Plaintiff is entitled to the relief sought, or any relief whatsoever, and further demand trial by jury of all issues so triable.

Respectfully submitted,

**PAMELA JO BONDI**
ATTORNEY GENERAL

S/ Sean W. Gellis
Sean W. Gellis (Fla Bar. 105924)
Assistant Attorney General
Sean.Gellis@myfloridalegal.com
OFFICE OF THE ATTORNEY GENERAL
The Capitol, Suite PL-01
Tallahassee, Florida 32399
Telephone:   (850) 414-3300
Facsimile:   (850) 488-4872
Attorney for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically through CM/ECF and served by U.S. mail May 21, 2015 on all counsel or parties of record on the attached service list.

S/ Sean Gellis
Sean Gellis
Assistant Attorney General

5

SERVICE LIST

Jimmy Scott Jr., DC# L30083
Florida State Prison
7819 N.W. 228th Street
Raiford, Florida 32026-1000