# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

JIMMY SCOTT, JR.,

      Plaintiff,

vs.                                   Case No. 4:14cv478-MW/CAS

CAPTAIN MCCAMMAN,

      Defendant.

_____/

## SECOND REPORT AND RECOMMENDATION[1]

Defendant filed a second motion for summary judgment limited to the issue of Plaintiff's damages on November 18, 2016. ECF No. 95. The pro se Plaintiff was advised of his obligation to either file opposition to the motion or file a statement advising that he did not contest Defendant's motion. ECF No. 98. After several extensions of time, ECF Nos. 99-102,

---

[1] An earlier Report and Recommendation, ECF No. 78, was entered concerning the parties' opposing motions for summary judgment. The Report and Recommendation was adopted and Plaintiff's motion for partial summary judgment, ECF No. 60 was denied as moot in light of Plaintiff's amended motion for summary judgment, ECF No. 71, which was denied. ECF No. 86. Defendants' motion for summary judgment, ECF No. 63, was granted in part and denied in part. ECF No. 86. Only the First Amendment claim against Captain McCamman survived. ECF No. 86.

Plaintiff filed an amended response to the motion, ECF No. 104, supported by several exhibits, ECF No. 105.  Defendant also filed a reply to Plaintiff's response.  ECF No. 106.  The motion is ready for a ruling.

**Allegations of the Amended Complaint, ECF No. 12**

The events at issue in this case occurred at Taylor Correctional Institution in January 2014.  ECF No. 12.  Plaintiff Jimmy Scott, Jr., alleged that while housed in segregation with inmate Steven DeWitt,[2] his cellmate began making sexual advances towards him.  Mr. Scott reported that issue to Sergeant Campbell[3] and requested that he be separated from Mr. DeWitt.  *Id.*  Sergeant Campbell agreed to separate them, but when he returned with Officer Howell, Mr. DeWitt refused to move.  *Id.*  Sergeant Campbell said he had no time for games and told Plaintiff and Mr. Dewitt to "fight it out."  *Id.*  Some time later when Officer Howell was performing a "routine check," Plaintiff stopped him and requested to be moved.  *Id.*

---

[2] Mr. Scott has spelled this surname as Dewitt, but Defendants' evidence indicates the name is spelled DeWitt.  ECF No. 63.  The correct spelling of the name has been used.  Additionally, in reviewing the summary judgment materials, it appears that Defendant McCamman's name is spelled differently than used by Mr. Scott.  That name has also been corrected throughout this Report and Recommendation.

[3] Sergeant Campbell, Officer Howell, and Captain McCamman were granted summary judgment as to the Eighth Amendment claims brought against them.  ECF Nos. 78, 86.

Officer Howell said he could not move Plaintiff, but would let Sergeant

Campbell know.  After Officer Howell left the cell, Mr. DeWitt allegedly

attacked Plaintiff from behind.  Plaintiff alleged that he defended himself,

not without injury, and then kicked on the cell door for assistance.

Sergeant Campbell responded and found Mr. DeWitt unconscious on the

floor.  *Id.*  Plaintiff alleged that when he complained about his injuries and

requested medical treatment, Captain McCamman told him to "shut up"

and informed him that he would not be receiving any treatment.  *Id.* at 6.

Captain McCamman threatened Mr. Scott with retaliation if he ran his

mouth and caused trouble.  *Id.*  Mr. Scott alleges that he did not receive

any medical attention during Captain McCamman's shift, but he eventually

declared a medical emergency and was examined by a nurse.  *Id.*

Because Plaintiff was afraid of retaliation, he said he only needed pain

medication.  *Id.*  Plaintiff alleged that he suffered for approximately a month

and a half with untreated injuries until he was transferred and felt safe

enough to report the matter and seek treatment.  *Id.*

**Partial Second Motion for Summary Judgment, ECF No. 95**

Defendant McCamman's second motion for summary judgment is

limited to the issue of damages.  ECF No. 95.  Defendant contends that

Plaintiff's request for damages must be limited to nominal damages only as his physical injury was due to the fight with his cellmate and not because of Defendant McCamman.  To the degree Plaintiff alleged that he suffered with an infection in his testicles because of the delay in receiving medical treatment, Defendant argues that there was no such infection. *Id.* at 2-3.

**Legal standards governing a motion for summary judgment**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  Thus, summary judgment is proper "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).  The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  Celotex

Corp., 477 U.S. at 323, 106 S. Ct. at 2553. The non-moving party must

then show[4] though affidavits or other Rule 56 evidence "that there is a

genuine issue for trial" or "an absence of evidence to support the

nonmoving party's case." *Id.* at 325, 106 S. Ct. at 2554; Beard v. Banks,

548 U.S. 521, 529, 126 S. Ct. 2572, 2578, 165 L. Ed. 2d 697 (2006).

An issue of fact is "material" if it could affect the outcome of the case.

Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th

Cir. 2004) (citations omitted). Additionally, "the issue of fact must be

'genuine'" and the non-moving party "must do more than simply show that

there is some metaphysical doubt as to the material facts." Matsushita

Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348,

1356, 89 L. Ed. 2d 538 (1986) (other citations omitted). "The mere

existence of some factual dispute will not defeat summary judgment unless

that factual dispute is material to an issue affecting the outcome of the

---

[4] "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998) (quoting Celotex, 477 U.S. at 324, 106 S. Ct. at 2553) (quoting Fed. R. Civ. P. 56(c), (e))). The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c). Owen, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

case." <u>McCormick v. City of Fort Lauderdale</u>, 333 F.3d 1234, 1243 (11th

Cir. 2003) (quoting <u>Chapman v. AI Transp.</u>, 229 F.3d 1012, 1023 (11th Cir.

2000)).

    "[A]t the summary judgment stage the judge's function is not himself

to weigh the evidence and determine the truth of the matter but to

determine whether there is a genuine issue for trial." <u>Anderson v. Liberty

Lobby, Inc.</u>, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202

(1986). "[T]here is no issue for trial unless there is sufficient evidence

favoring the nonmoving party for a jury to return a verdict for that party."

<u>Anderson</u>, 477 U.S. at 249, 106 S. Ct. at 2511 (noting that a "scintilla of

evidence" is not enough to refer the matter to a jury). The Court must

decide "whether the evidence presents a sufficient disagreement to require

submission to a jury or whether it is so one-sided that one party must

prevail as a matter of law." <u>Hickson Corp.</u>, 357 F.3d at 1260 (quoting

<u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 252, 106 S. Ct. 2505, 2505, 91 L.

Ed. 2d 202 (1986)). All "justifiable inferences" must be resolved in the light

most favorable to the nonmoving party, <u>Beard</u>, 548 U.S. at 529, 126 S. Ct.

at 2578 (noting the distinction "between evidence of disputed facts and

disputed matters of professional judgment."),[5] but "only if there is a

'genuine' dispute as to those facts." <u>Scott v. Harris</u>, 550 U.S. 372, 380, 127

S.Ct. 1769, 167 L.Ed.2d 686 (2007) (quoted in <u>Ricci v. DeStefano</u>, 557

U.S. 557, 586, 129 S. Ct. 2658, 2677, 174 L. Ed. 2d 490 (2009)). "Where

the record taken as a whole could not lead a rational trier of fact to find for

the nonmoving party, there is no 'genuine issue for trial.'" <u>Matsushita Elec.</u>

<u>Indus. Co.</u>, 475 U.S. at 587, 106 S. Ct. at 1356 (other citation omitted).

**The relevant Rule 56(e) evidence**

Plaintiff was assaulted by inmate DeWitt on January 7, 2014. ECF

No. 105 at 1. Plaintiff provided a declaration stating that he was "denied

treatment by medical and threaten [sic] not to report any injuries" or he

would find out the "hard way" how inmates at Taylor Correctional Institution

"fall down the stairs and get all their gold teeth knocked out." *Id.* Plaintiff

said that he "understood Defendant McCamman clearly." *Id.* So he waited

until the shift changed and then declared a medical emergency with

Captain Fronek. *Id.* Plaintiff was "examined by Nurse Dennis," but

---

[5] Noting that deference must be given "to the professional judgment of prison administrators," the Court stated that "[u]nless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage." <u>Beard</u>, 548 U.S. at 530, 126 S. Ct. at 2578 (citing <u>Overton v. Bazzetta</u>, 539 U.S. 126, 132, 123 S. Ct. 2162, 2167, 156 L. Ed. 2d 162 (2003)).

because he "was in fear of Defendant McCamman" he "decided it was best to only request pains [sic] meds and not report any injuries." *Id.*

Plaintiff declares that after he was transferred, he reported the altercation and sexual assault on February 28, 2014.  ECF No. 105 at 2.  Plaintiff said he was examined and found to have "swollen testicles and a swollen right ring finger." *Id.*  Plaintiff says that during a follow-up on March 12, 2014, Nurse Heuler told him that because of the severity of his injury, the "delay of treatment is what caused" Plaintiff to have an infection.[6] *Id.*  Plaintiff reports being given antibiotics for an infection in his testicles. *Id.*  Submitted with Plaintiff's summary judgment evidence is a prescription for 500 mg of Cipro which was written on March 12, 2014, by ARNP B. Heuler.  ECF No. 105 at 10.  The diagnosis noted as the basis for the prescription is Epididymis. *Id.*

Defendant McCamman submitted the declaration of Dr. Maier who reviewed Plaintiff's medical records.  ECF No. 95-1 at 1-3.  Defendant also submitted copies of the relevant medical records.  ECF No. 95-1 at 4-88.

---

[6] Plaintiff also submitted an affidavit of inmate Jeffrey Brown who states that he heard Plaintiff start to complain about his injuries following the altercation, but the Defendant cut him off "saying 'Shut up, shut up your mouth.'" ECF No. 105 at 5.

The Chronological Record of Health Care shows that Plaintiff was seen in medical in the ER on January 7, 2014, and a "body diagram" was completed. ECF No. 95-1 at 44 (Attachment 1 at 41 of 85).[7] The diagram showed swelling to Plaintiff's left testicle and right ring finger. ECF No. 95-1 at 50 (Attachment 1 at 47 of 85). The Emergency Room Record for Taylor C.I. noted that Plaintiff had a "physical altercation" with another inmate. *Id.* at 51 (Attachment 1 at 48 of 85). Plaintiff was alert, oriented, responded to questions verbally, and complained of pain to his hands, back of head. *Id.* No swelling or tenderness was noted. *Id.* The Record shows Plaintiff was given Ibuprofen and directed to access sick call if needed. *Id.*

Defendant submitted a copy of the Emergency Room record (for Taylor Annex) for February 28, 2014, in which it is noted that Plaintiff reported a physical altercation with another inmate on January 7, 2014. ECF No. 95-1 at 49-50 (Attachment 1 at 46 of 85). The record confirms that Plaintiff was examined by LPN Smith, who notified Dr. Lamb. *Id.* The examination notes state there was swelling to the left testicle and right ring

---

[7] The reference is first to the page number on CM/ECF, followed by the page number printed on the bottom right corner of the exhibit. Both numbers are provided because Plaintiff does not have access to the electronic docket.

finger.  *Id.* at 49-50.  An x-ray and ultrasound were ordered and Plaintiff

was given Tylenol for pain.  *Id.* at 49.

Dr. Maier explained in his declaration that the March 13, 2014, x-ray

of Plaintiff's right ring finger found "osteoarthritis, distal interphalangeal

joint, fourth finger," but no evidence of acute injury.  ECF No. 95-1 at 2.

The type of "arthritis is 'wear and tear' arthritis that progresses with age."

*Id.*

Dr. Maier reported that a March 5, 2014, ultrasound for the "claimed

testicular injury" revealed "benign findings of an 'adenomatoid tumour of

the left epididymis' and changes suggestive of either epididymitis or a

residual hematoma of the left epididymis.'"  ECF No. 95-1 at 2.  Also noted

were "'small bilateral hydroceles' and a normal right testis and epididymis."

*Id.*  Dr. Maier explained that "[e]pididymitis is common in black patients and

can occur spontaneously, residually from previous sexual activity or a

sexually transmitted disease, or from trauma."  *Id.*  The physical

examinations of Plaintiff revealed, "at most, minimal tenderness."  *Id.*

Plaintiff had a second testicular ultrasound on July 16, 2015.  ECF

No. 95-1 at 2.  The results were "a 'small hydrocele and varicocele on the

left side' with a questionable thrombus in the left varicocele."  ECF No. 95-1

at 2.  Dr. Maier explains that "[t]esticular hydroceles is a buildup of watery fluid around one or both testicles and is a normal anatomical variant."  *Id.* "It can be caused by injury, or inflammation or infection of the epididymis or testicles."  *Id.*  "Varicocele is a dilated vein that is a normal anatomical variant, which has a random occurrence."  *Id.*  "Thrombus is a blood clot that is a normal anatomical variant that can occur spontaneously and can resolve itself spontaneously."  *Id.*

Dr. Maier declares that there is "no evidence" that Plaintiff had an infection in the testicle.  ECF No. 95-1 at 2.  Plaintiff's urine samples from February 17, 2014, and February 27, 2014, "were entirely normal and specifically showed no evidence of blood or white cells in the urine."  *Id.* "The only infection" Plaintiff had "was in one of his left toes."  *Id.*[8]  Dr. Maier concludes that "there is no medical evidence whatsoever to establish any type of acute injury to" Plaintiff.  *Id.*  Dr. Maier states that the cause of Plaintiff's injuries "is unknown," but "the records nevertheless show that there is a reasonable medical certainty to conclude that the delay from

---

[8] It appears that Plaintiff complained about an infection in his left great toe in August 2014.  ECF No. 95-1 at 23, 25-26.

January 7, 2014, to February 28, 2014, absolutely did not in any fashion exacerbate any of the claimed injuries." *Id.*

Plaintiff's medical records show that he complained of swollen testicles, sharp pain, and seeing blood in his urine on February 27, 2014. ECF No. 95-1 at 43. He claimed it was related to the January 2014 physical altercation with another inmate. *Id.* A blood sample was obtained, but no blood was found in his urine. *Id.* Plaintiff was scheduled for a follow-up appointment, *id.,* which occurred on February 28, 2014. ECF No. 95-1 at 40-41.

Additionally, Plaintiff was evaluated by LPN Smith and ARNP Heuler on March 12, 2014, when he reported that his "testes still hurt." ECF No. 95-1 at 38. The diagnosis written in the Chronological Record of Health Care is epididymitis and hematoma, and Plaintiff was provided a jock strap. *Id.* As far as can be determined, that record does not reflect that an infection was present or suspected. *Id.* However, Plaintiff was prescribed 500 mg of Cipro to be taken for ten days by ARNP Heuler. ECF No. 105 at 10; *see also* ECF No. 95-1 at 66.

Plaintiff was seen in medical again on April 16, 2014, complaining about his "scrotal injury" and "trauma to testis." ECF No. 95-1 at 34. A

notation in the chart indicates "medications given" on 2/2/8/2014, although the handwriting is difficult to decipher. *Id.*

During Plaintiff's "pre-special housing health evaluation," he complained of scrotal pain on April 25, 2014. ECF No. 95-1 at 30. He was directed to sign up for sick call. *Id.*

In May 2014, Plaintiff went to sick call complaining of scrotal pain. ECF No. 95-1 at 29. Plaintiff said that "the doctor did a[n] ultrasound and said [Plaintiff] had an infection." *Id.* The record includes a notation that an ultrasound was performed on March 5, 2014, and showed the left testicle was swollen and Plaintiff was urinating blood. *Id.* Plaintiff was provided treatment and encouraged again to use a jock strap at all times for support. *Id.*

**Analysis**

The PLRA provides "that a prisoner may not bring an action 'for mental or emotional injury suffered while in custody without a prior showing of physical injury or commission of a sexual act." 42 U.S.C. § 1997e(e) (quoted in Logan v. Hall, 604 F. App'x 838, 840 (11th Cir. 2015)). It is well established in the Eleventh Circuit "that more than a *de minimis* physical injury is needed to satisfy the requirements of § 1997e(e)." Harris v.

Garner, 190 F.3d 1279, 1286-87 (11th Cir.), vacated, 197 F.3d 1059 (11th Cir. 1999), reinstated in relevant part, 216 F.3d 970, 972, 985 (11th Cir. 2000) (en banc) (cited in Logan, 604 F. App'x at 840). A "greater than de minimis" injury "need not be significant" but must be more than "routine discomfort." 604 F. App'x at 840. Furthermore, the PLRA precludes any award "of punitive damages in the absence of physical injury." Al-Amin v. Smith, 637 F.3d 1192, 1199 (11th Cir. 2011).

Plaintiff seeks $1,000,000 in compensatory and punitive damages. ECF No. 12 at 9. Defendant argues that Plaintiff cannot receive compensatory or punitive damages for his placement in confinement or close management. ECF No. 95 at 6. Defendant is correct as there is no physical injury associated with the location of, and restrictions imposed upon, Plaintiff's housing assignment.

Defendant also argues "there is no evidence to support that the Plaintiff incurred any cognizable injury that is causally connected to the Defendant's alleged actions in this case." ECF No. 95 at 7. Defendant points out that the only injury attributable to the Defendant is that Plaintiff "incurred an infection in his testicles as a result of the delay." *Id.*

Defendant argues that "there is no indication of this claimed infection" in Plaintiff's medical records. *Id.*

However, in his own declaration, ECF No. 105, Plaintiff states that medical staff saw him on March 12, 2014, and told him he developed an infection because of lack of treatment, which Plaintiff says he did not receive because of Defendant's threats. ECF No. 105 at 2. Plaintiff said he was given medication for the infection by Nurse Heuler on that same day. *Id.*

If that were all that existed as evidence, Plaintiff's testimony might be dismissed as a self-serving declaration containing hearsay which is insufficient to overcome Defendant's evidence that Plaintiff did not suffer any physical injury as a result of his interaction with the Defendant. *See* Lowie v. Raymark Indus., 676 F. Supp. 1214, 1216 (S.D. Ga. 1987) (noting that "nonmovant's self-serving affidavit which contradicts earlier testimony" was not sufficient to create a genuine issue for trial) (citing Clay v. Equifax, Inc., 762 F.2d 952, 955 n.3 (11th Cir. 1985)); Wane v. Loan Corp., 926 F. Supp. 2d 1312, 1323 (M.D. Fla. 2013), aff'd, 552 F. App'x 908 (11th Cir. 2014) (finding plaintiffs did not support their action "with any evidence

beyond self-serving affidavits and mere bluster."). Yet that is not all that exists.

Plaintiff's medical records reveal he was examined on March 12, 2014, by ARNP Heuler, just as Plaintiff claimed. Plaintiff was diagnosed with epididymitis and hematoma. Plaintiff has provided a copy of the prescription written that same day for Cipro, an antibiotic used to treat bacterial infections, which was prescribed by ARNP Heuler.[9] All "justifiable inferences" from this evidence must be resolved in the light most favorable to Plaintiff as the nonmoving party. Beard, 548 U.S. at 529, 126 S. Ct. at 2578. In that light, Plaintiff has created a genuine dispute of fact as to whether he suffered physical injury due to Defendant's threats. Accordingly, the issue of whether or not Plaintiff suffered physical injury such that he could be awarded compensatory or punitive damages should he be successful on this claim should be resolved by a jury.

---

[9] "Cipro (ciprofloxacin) is a fluoroquinolone (flor-o-KWIN-o-lone) antibiotic that fights bacteria in the body. Ciprofloxacin is used to treat different types of bacterial infections." www.drugs.com/cipro.html

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Defendant's second motion for summary judgment, ECF No. 95, be **DENIED** as there is a genuine dispute of material fact, and this case be set for trial.

**IN CHAMBERS** at Tallahassee, Florida, on April 24, 2017.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**



## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**